LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff and FLSA Collective Plaintiffs*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

---

MIGUEL PERAL, *on behalf of himself and FLSA Collective Plaintiffs*

           Plaintiff,

     v.

TOWER157, LLC, BROADWAY 152 LLC, MORNINGSIDE HEIGHTS REALTY, LLC, 201 WEST 84TH STREET, LLC, GILI HABERBERG, and ROBERT SEIDEN,

           Defendants.

Case No:

**COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

---

      Plaintiff, MIGUEL PERAL ("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Collective Action Complaint against Defendants, TOWER157, LLC, BROADWAY 152 LLC, MORNINGSIDE HEIGHTS REALTY, LLC, 201 WEST 84TH STREET, LLC ("Corporate Defendants"), GILI HABERBERG, and ROBERT SEIDEN ("Individual Defendants" and with Corporate Defendants collectively the "Defendants") alleges on information and belief as follows:

1

## INTRODUCTION

1. Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid wages, (2) unpaid overtime, (4) liquidated damages and (5) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (1) unpaid wages, (2) unpaid overtime, (4) unpaid spread of hours premium, (5) statutory penalties, (6) liquidated damages, and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over state law claims of Plaintiff and FLSA Collective Plaintiffs pursuant to 28 U.S.C. §1367.

2. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

## PARTIES

3. Plaintiff, MIGUEL PERAL, is a resident of New York County, New York.

4. The Defendants own and operate a series of buildings as a single integrated enterprise through a number of corporate defendants. These buildings include, but are not limited to the following addresses:

   a. 498 Amsterdam Ave., New York, NY 10024;

   b. 19616 Amsterdam Ave., New York, NY 10032;

   c. 1963 Amsterdam Ave., New York, NY 10032;

   d. 1965 Amsterdam Ave., New York, NY 10032;

   e. 1967 Amsterdam Ave., New York, NY 10032;

   f. 1969 Amsterdam Ave., New York, NY 10032

   g. 3671 Broadway, New York, NY 10031;

  5. These buildings are operated as a single integrated enterprise. The buildings are commonly owned and/or managed by the Individual Defendants. Specifically, the Corporations are engaged in the related activity of managing amongst others the above-named buildings, the entities share common ownership, have common business purpose, share management, share tools, and share labor.

  6. Corporate Defendant, TOWER157, LLC, is a domestic limited liability company organized under the laws of the State of New York with a principal place of business and an address for service of process located at Post Office Box 7079, FDR Station, New York, NY, 10150, and the buildings this corporation owns and manages are located at 1961-67 Amsterdam Ave., New York, NY 10032.

  7. Corporate Defendant, BROADWAY 152 LLC, is a domestic limited liability company organized under the laws of the State of New York with a principal place of business and an address for service of process located at 45 Sutton Place South, New York, NY 10022, and the buildings this corporation owns and manages are located at 3671 Broadway, New York, NY 10031.

  8. Corporate Defendant, 201 WEST 84TH STREET, LLC, is a domestic limited liability company organized under the laws of the State of New York with a principal place of business and an address for service of process located with Alan C. Ederer, at Esanu Katsky & Korins & Siger, 605 Third Avenue, New York, NY 10158, and the buildings this corporation owns and manages are located at 498 Amsterdam Ave., New York, NY 10024.

  9. Corporate Defendant, MORNINGSIDE HEIGHTS REALTY, LLC, is a domestic limited liability company organized under the laws of the State of New York with a principal place of business and an address for service of process located at Post Office Box 7079, New

York, NY, 10150, and the buildings this corporation owns and manages are located at 1969 Amsterdam Ave., New York, NY 10032.

10. Individual Defendant, GILI HABERBERG is an owner and/or manager of the Corporate Defendants. Defendant GILI HABERBERG exercises operational control as it relates to all employees including Plaintiff and FLSA Collective Plaintiffs. Defendant GILI HABERBERG exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including that of Plaintiff and FLSA Collective Plaintiffs. At all times, employees could complain to Defendant GILI HABERBERG directly regarding any of the terms of their employment, and Defendant GILI HABERBERG would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. Defendant GILI HABERBERG also had the power and authority to supervise and control supervisors of Plaintiff and the FLSA Collective Plaintiffs.

11. Individual Defendant, ROBERT SEIDEN is an owner and/or manager of the Corporate Defendants Defendant ROBERT SEIDEN exercises operational control as it relates to all employees including Plaintiff and the FLSA Collective Plaintiffs. Defendant ROBERT SEIDEN exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including that of Plaintiff and the FLSA Collective Plaintiffs. At all times, employees could complain to Defendant ROBERT SEIDEN directly regarding any of the terms of their employment, and Defendant ROBERT SEIDEN would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. Defendant

4

ROBERT SEIDEN also had the power and authority to supervise and control supervisors of Plaintiff and the FLSA Collective Plaintiffs.

12. At all relevant times, Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

13. At all relevant times, the work performed by Plaintiff and FLSA Collective Plaintiffs was directly essential to the business operated by Defendants.

14. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and FLSA collective Plaintiffs their lawfully earned overtime wages in direct contravention of the FLSA and the New York Labor Law.

15. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff Plaintiff and FLSA collective Plaintiffs their lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

16. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

17. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including handymen, janitors, repairmen, and superintendents) employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

18. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules. These decisions and policies all culminated in a willful failure and refusal to pay Plaintiff and other FLSA Collective Plaintiffs the proper wages for all

5

hours worked including overtime hours. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

19. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## STATEMENT OF FACTS

20. In or around April 2019, Plaintiff, MIGUEL PERAL, was hired by Defendants as a janitor and superintendent for buildings owned by Defendants. Among others, Plaintiff maintained the Defendants' owned buildings located at:

   a. 498 Amsterdam Ave., New York, NY 10024;

   b. 1961-67 Amsterdam Ave., New York, NY 10032;

   c. 3671 Broadway, New York, NY 10031;

   d. 1969 Amsterdam Ave., New York, NY 10032.

21. Plaintiff's employment with Defendants terminated in or around January 2020.

22. Throughout his employment, Plaintiff MIGUEL PERAL worked seven days a week with a regular schedule of 7:00 AM to 9:00 PM on Mondays through Fridays, 7:00 AM through 5:00 PM on Saturdays, and 3:00 PM to 8:00 PM on Sundays.

23. During the employment by Defendants, from April 2019 until January 2020 Plaintiff was salaried at a rate of $600 a week. During this time, despite frequently working more than forty (40) hours a week, Plaintiff was never given over-time pay.

24. Moreover, Plaintiff managed well over one hundred (100) units as defined by 12 NYCRR 141-1.2.

25. FLSA Collective Plaintiffs similarly worked over forty (40) hours per week and over ten (10) hours per day and were similarly not compensated for any of their overtime hours worked.

26. Moreover, Plaintiff and FLSA Collective Plaintiffs each managed well over seventy (70) units and were not compensated appropriately for each unit assigned.

27. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and FLSA Collective Plaintiffs the FLSA overtime rate of time and one-half or the NYLL overtime rate of time and one-half.

28. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and FLSA Collective Plaintiffs the FLSA overtime rate of time and one-half or the NYLL overtime rate of time and one-half.

29. Defendants knowingly and willfully operated their business with a policy of not compensating the proper spread of hours premium to Plaintiff and FLSA Collective Plaintiffs, in violation of NYLL.

30. Defendants unlawfully failed to provide Plaintiff with proper wage notices or wage statements as required by NYLL. No wage notices were provided by Defendants, and the wage statements failed to provide the accurate number of hours worked, gross wage, net wage, rate of pay, employer address and the phone number of the employer.

31. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff and FLSA Collective Plaintiffs in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

32. Plaintiff realleges and reavers Paragraphs 1 through 31 of this collective action Complaint as if fully set forth herein.

33. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

34. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

35. At all relevant times, each Corporate Defendant had gross annual revenues in excess of $500,000.00.

36. At all relevant times, the Defendants engaged in a policy and practice of refusing to pay Plaintiff and FLSA Collective Plaintiffs for all hours worked.

37. At all relevant times, the Defendants engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

38. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime wages and unpaid minimum wages, plus an equal amount as liquidated damages.

39. Plaintiff is in possession of certain records concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs. Further records concerning these matters should be in the

possession and custody of the Defendants. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

40. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

41. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

42. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages due to, unpaid overtime and an equal amount as liquidated damages.

43. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

44. Plaintiff realleges and reavers Paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45. At all relevant times, Plaintiffs were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

46. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

47. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs minimum wages in the lawful amount for hours worked.

48. Defendants willfully violated Plaintiffs' rights by failing to pay spread of hours premium to Plaintiff for each workday that exceeded ten (10) or more hours.

49. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiffs, in violation of the New York Labor Law.

50. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage notice to Plaintiffs at the beginning of employment and annually thereafter, in violation of the New York Labor Law.

51. Defendants willfully violated Plaintiffs' rights by paying them on a salary basis, in violation of the New York Labor Law because Plaintiffs are non-exempt employees who must be paid on an hourly basis.

52. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime, unpaid minimum wages, unpaid pay spread of hours premium, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself and FLSA Collective Plaintiffs respectfully requests that this Court grant the following relief:

    a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the applicable state law;

    b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

    c. An award of unpaid wages under the applicable state law;

d. An award of unpaid spread of hour's premium under the applicable state law;

e. An award of statutory penalties as a result of Defendants' failure to comply with state law wage notice and wage statement requirements;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay full wages pursuant to 29 U.S.C. § 216;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay wages, and spread of hours premium, pursuant to the applicable state laws;

i. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

j. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

k. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: April 22, 2020

Respectfully submitted,

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181

*Attorneys for Plaintiff and FLSA Collective Plaintiffs*

By:  /s/ C.K. Lee
        C.K. Lee, Esq. (CL 4086)